

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2010

# Rokhvarg v. Dept Comm Affairs

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Rokhvarg v. Dept Comm Affairs" (2010). *2010 Decisions.* Paper 1951.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1951

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2786
_____

YAKOV ROKHVARG,

                                        Appellant

v.

THE DEPARTMENT OF COMMUNITY AFFAIRS,
STATE OF NEW JERSEY, JOSEPH V. DORIA, JR., Commissioner;
THE TOWNSHIP OF NORTH BERGEN, STATE OF NEW JERSEY,
NICOLAS SACCO, Mayor

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-01821)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2010

Before: SMITH, FISHER and GARTH, <u>Circuit Judges</u>

(Opinion filed  February 2, 2010)
_____

OPINION
_____

PER CURIAM

        Yakov Rokhvarg appeals from an order of the District Court granting the

Defendants' motion to dismiss his complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1).  We will affirm.

I.

In Rokhvarg's complaint he alleged that the Defendants, two local public officials, conspired to ignore the deterioration of an apartment complex owned and managed by Rokhvarg, thereby jeopardizing the health and safety of the tenants in that complex. Rokhvarg requested the following relief: 1) that the Defendants be ordered to immediately relocate the tenants; 2) compensatory damages in the amount of $258,000 for the "intentional physical destruction" of the complex "as a result of the conspiracy"; 3) compensatory damages in the amount of $50,000 for each tenant "for playing 'Russian Roulette' (A game of probability) with the tenants lives"; and 4) counsel fees[1] and costs.

Defendants moved to dismiss Rokhvarg's complaint, alternatively pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The District Court granted the motion, finding that even drawing all reasonable inferences in Rokhvarg's favor, "the Complaint raises no federal grounds upon which relief may be granted."  The District Court declined to give Rokhvarg leave to amend his complaint, determining that any amendment would be futile.  The District Court concluded that because it was dismissing Rokhvarg's complaint, his "Order to Show Cause with Emergency Safety Relief" was

---

[1] Rokhvarg has proceeded with this case pro se from its inception.

also denied.  Rokhvarg appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  See CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008).  We review de novo the District Court's grant of a Rule 12(b)(1) motion.  See Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir. 2009).  We review for abuse of discretion the District Court's decision to deny Rokhvarg leave to amend his complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## III.

We find no error by the District Court in the proceedings below.  The jurisdiction of federal district courts is limited: it only can be exercised over civil actions that arise under federal law (i.e., federal question jurisdiction), or those that arise between citizens of different states where the matter in controversy exceeds $75,000 (i.e., diversity jurisdiction).  See 28 U.S.C. §§ 1331 and 1332(a).  For purposes of federal question jurisdiction, a claim arises under federal law if it is apparent from the face of the complaint that the cause of action was created by federal law.  See Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166, 171 (3d Cir. 1997).  For diversity jurisdiction, a complainant must plead that he is a citizen of a particular state and that the defendants are citizens of a different state.  See Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003).

3

The District Court clearly lacked diversity jurisdiction over the parties, all of whom are citizens of New Jersey. In addition, the District Court correctly determined that Rokhvarg's complaint did not advance a cognizable claim under federal law, thus precluding the District Court from exercising federal question jurisdiction. As a result, it was proper for the District Court to grant the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction. Rokhvarg's contention on appeal that the Defendants should be prosecuted for violations of 18 U.S.C. § 241 (criminalizing conspiracy to impede the exercise of federal rights) is not a cognizable federal claim in a civil suit, cf. United States v. Philadelphia, 644 F.2d 187, 199 (3d Cir. 1980), and it does not demonstrate that the jurisdictional defects in Rokhvarg's complaint can be ameliorated. Therefore, the District Court did not abuse its discretion when it declined to give Rokhvarg leave to amend his complaint.

Accordingly, we will affirm the District Court's order. Rokhvarg's motions are denied.